STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HARROZ



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HARROZ

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HARROZ
2020 OK 11
Case Number: SCBD-6876
Decided: 02/10/2020
As Corrected: February 13, 2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 11, __ P.3d __

 

FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 



State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Keegan K. Harroz, Respondent.


ORDER OF IMMEDIATE INTERIM SUSPENSION
¶1 On November 27, 2019, the Complainant Oklahoma Bar Association (OBA) filed a verified complaint against the respondent, Keegan K. Harroz, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A. The OBA, with the concurrence of the Professional Responsibility Commission, requests an emergency interim suspension of Respondent from the practice of law pursuant to Rule 6.2A of the RGDP.
¶2 In support, the Complainant states that Respondent was arrested on September 13, 2019 on a warrant for Intimidating a State's Witness out of Okmulgee County. Respondent bonded out of jail on September 27, 2019, and was then charged in the U.S. District Court of the Western District of Oklahoma, Case No. M-19-521-P, with violations of 18 U.S.C. § 922(g)(8)(Prohibited Person in Possession of Ammunition) and 18 U.S.C. § 922(d)(Selling or Otherwise Disposing of a Firearm to a Prohibited Person). A detention hearing was held on October 2, 2019, and Respondent was ordered to remain in detention pending trial. On October 16, 2019, an Indictment was filed against Respondent in the U.S. District Court for the Western District of Oklahoma, Case No. CR-19-325-SLP, charging Respondent with violations of 18 U.S.C. § 922(g)(8), 18 U.S.C. § 922(d)(1), and 18 U.S.C. § 922(d)(8). Respondent is currently being held at the Logan County Detention Center in federal custody.
¶3 Complainant states that the Office of the General Counsel of the Oklahoma Bar Association has received three grievances against Respondent since she was incarcerated involving failure to appear for a court proceeding, failure to prepare documents, and failure to return fees so that the clients could obtain alternative counsel. Complainant alleges that the current number of clients that Respondent represents is unknown, but that the amount of money in her trust account indicates there are multiple clients that are not presently being represented. Complainant alleges Respondent's conduct poses an immediate threat of substantial and irreparable public harm and requests an emergency interim suspension. Complaint also seeks an Order for Respondent to cease withdrawals from her client trust account and to permit an audit to determine what fees should be returned to clients, as well as an Order directing Respondent to assist Complainant in returning client files.
¶4 This Court ordered Respondent to show cause why an Order of Immediate Interim Suspension, and the other requested Orders, should not be entered. On January 13, 2020, Respondent answered and denied any professional misconduct, denied she committed any crime, and denied she has done anything improper regarding her trust account. Respondent requested that this Court deny the Complainant's request for interim suspension. The issue was set for hearing on February 6, 2020. On February 4, 2020, Respondent filed a Consent to the Entry of an Order of Immediate Interim Suspension and Waiver of Hearing to Show Cause. Respondent states that it would be in the best interests of justice for an Order of Emergency Interim Suspension to be entered at this time. Respondent specifically waives her right to a hearing but states that the waiver should not be construed as an admission of the truth of the allegations. Respondent reserves the right to contest the allegations and/or to present evidence in mitigation of the alleged professional misconduct at any future hearings to determine the merits of the allegations. Respondent states that client documents and files are being returned and that the process is expected to be completed in the near future. Respondent also states that an audit of the client trust account has been performed, that unearned fees are being returned, and that the process of returning unearned client funds is expected to be completed in the near future. The hearing on February 6, 2020 was then stricken.
¶5 Upon consideration of the Complaint and application for an order of emergency interim suspension, and Respondent's Consent to entry of the emergency interim suspension, the Court finds that an Order of Emergency Interim Suspension should be entered.
¶6 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Keegan K. Harroz is immediately suspended from the practice of law pursuant to Rule 6.2A of the RGDP.
¶7 Respondent Keegan K. Harroz is further ordered to file a status report no later than March 17, 2020, regarding the status of the return of documents, files, and unearned client funds.
¶8 Respondent Keegan K. Harroz is ordered to give written notices by certified mail, within 20 days from the date of this order, to all of her clients having legal business then pending of her inability to represent them and the necessity for promptly retaining new counsel. If Keegan K. Harroz is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the Respondent had substantial responsibility. Respondent shall also file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within 20 day from the date of this Order, an affidavit with the Commission and with the Clerk of the Supreme Court stating that she has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent to any petition for reinstatement.
¶9 DONE BY ORDER OF THE SUPREME COURT in conference on February 10, 2020.

/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA